UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ANGELA DENISE WINTON, *Plaintiff*, vs. UNIVERSITY OF TENNESSEE, *Defendants*. | ) ) ) ) ) CASE NO. 1:13-cv-131-HSM-WBC ) ) ) ) ) |

REPORT AND RECOMMENDATION

Plaintiff's motion for expenses and attorney's fees (Doc. 24) is before the undersigned Magistrate Judge having been referred by the District Court under 28 U.S.C. § 636(b)(1)(B) and (C) for a report and recommendation. Plaintiff seeks pursuant to Fed. R. Civ. P. 4(d)(2) costs incurred to serve the defendant, the University of Tennessee (the University), after defendant's counsel declined to accept service on behalf of the University. According to defendant's counsel, he advised plaintiff's counsel that the University could be served by sending the summons and complaint by certified mail to the University's General Counsel. Plaintiff's counsel opted to have the University's General Counsel served personally by a private process server and incurred expenses in the amount of $343.00 to do so. Plaintiff also seeks attorney's fees incurred in filing the instant motion.

As the University has noted, shifting of costs under Rule 4(d) if a party refuses to waive service does not apply to defendants that are governmental entities. Rule 4(d) applies only to "[a]n individual, corporation, or association subject to service under Rule 4(e), (f), or (h)." *See* Fed. R. Civ. P. 4(d)(1); *Powers v. Collins*, 2010 WL 3526518 * 2 (S.D. Ohio 2010). Rule 4(e) and (f) apply to service of individuals and Rule 4(f) applies to corporations. *See* Fed. R. Civ. P. 4(e) and (f).

1

Rule 4(j)(2) sets forth the requirements for service of a "state-created governmental organization" such as the University, and it does not have a waiver-of-service provision and a concomitant shifting-of-costs provision like Rule 4(d) does. *See* Fed. R. Civ. P. 4(j). Therefore, the plaintiff cannot recover costs for service of process and attorney's fees from the University. Accordingly, it is RECOMMENDED[1] that plaintiff's motion for costs and fees be DENIED.

       S /*William B. Mitchell Carter*
       UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).